IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, #01851307, | § § | |
| PETITIONER, | § § | |
| v. | § § | CIVIL CASE NO. 3:24-CV-1599-S-BK |
| DIRECTOR, TDCJ-CID, | § § | |
| RESPONDENT.[1] | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Ross Thomas Brantley's pro se *Motion for Leave to File Petition for Writ of Habeas Corpus* was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition where appropriate. Doc. 2. Upon review of the relevant pleadings and applicable law, the motion for leave to file a habeas petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**I. BACKGROUND**

In 2013, Brantley was convicted of assault involving family violence, with an enhancement for the use of a deadly weapon, and was sentenced to six years' imprisonment. *See State v. Brantley*, No. F13-00014-V (292nd Jud. Dist. Ct., Dallas Cnty., Tex. 2013), *aff'd*, No.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because Petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. The TDCJ-CID Director is therefore substituted as respondent here. Petitioner may object to this substitution within the 14-day period to object to this recommendation (further explained below).

05-13-00225-CR, 2014 WL 545514 (Tex. App. – Dallas Feb. 10, 2014, no pet.). Brantley unsuccessfully challenged his conviction in state and federal habeas proceedings. *Brantley v. Stephens*, No. 3:14-CV-2738-P-BN, 2015 WL 8467346 (N.D. Tex. Oct. 27, 2015), *rec. accepted*, 2015 WL 8320201 (N.D. Tex. Dec. 9, 2015), *certificate of appealability denied*, No. 15-11296 (5th Cir. Mar. 3, 2017). He also sought without success to file three successive habeas petitions and a motion for leave to file a Rule 60(b)(4) motion. *Brantley v. Director*, No. 3:21-CV-1968-D-BK, 2021 WL 5016886, at *1 (N.D. Tex. Sep. 20, 21) (collecting cases), *rec. accepted*, 2021 WL 5014310, at *1 (N.D. Tex. Oct. 28, 2021). Also, the United States Court of Appeals for the Fifth Circuit denied Brantley leave to file at least two successive applications challenging his 2013 conviction. *In re Brantley*, No. 20-10646 (5th Cir. April 6, 2021); *In re Brantley*, No. 22-10629 (5th Cir. Feb. 9, 2023).[2]

Brantley once more renews his request to file a habeas petition challenging his 2013 conviction for assault family violence. Doc. 2 at 1-3. He raises claims of ineffective assistance of counsel. Upon review, the Court concludes that it lacks jurisdiction to consider Brantley's motion for leave to file because he is not presently in custody and has again failed to seek authorization to file a successive application challenging his 2013 conviction.[3]

---

[2] Due to his repetitive filings, the Texas Court of Criminal Appeals barred Brantley from filing "any future application pertaining to this conviction unless [he] is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus." *See Ex parte Brantley*, WR-77,234-27, 2019 WL 4316708, at *1 (Tex. Crim. App. Sep. 11, 2019).

[3] Brantley neither paid the filing fee nor moved to proceed *in forma pauperis*. Because his petition should be dismissed *sua sponte*, the Court does not require compliance with its filing requirements.

**II. ANALYSIS**

The Court lacks jurisdiction to entertain Brantley's motion for leave to file a habeas petition under 28 U.S.C. § 2254.  That section is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of a State court."  *See Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004).  But Brantley is not currently in custody based on the judgment in Case No. F13-00014-V.  Brantley has previously conceded that his sentence in that case has expired.  *See Brantley v. United States*, No. 3:20-CV-68-G-BK, 2020 WL 1237404, at *2 (N.D. Tex. Feb. 21, 2020), *rec. adopted*, 2020 WL 1236558 (N.D. Tex. Mar. 13, 2020) (dismissing § 2254 petition because Brantley was no longer in custody based on Case No. F13-00014-V).  Moreover, state government online records, of which the Court takes judicial notice, confirm Brantley is currently serving life sentences for Tarrant County convictions.  *Brantley v. State*, No. 02-19-00349-CR, 2021 WL 3679239, at *1 (Tex. App.—Fort Worth Aug. 19, 2021, no pet. h.).[4]  As such, this Court lacks jurisdiction to consider Brantley's motion for leave to file a habeas petition.  *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction to consider a writ of habeas corpus only "in behalf of a person *in custody* pursuant to the judgment of a State court") (emphasis added); *Maleng v. Cook,* 490 U.S. 488, 490 (1989).

Even assuming Brantley could satisfy the "in custody" requirement, he cannot overcome the bar on successive habeas petitions.  28 U.S.C. § 2244(b) limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief.

Generally, to raise a new claim, the petitioner must show that the successive application is based on:  (1) a new rule of constitutional law made retroactive to cases on collateral review

---

[4] TDCJ records are available at the following link: https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=06376484 (last accessed on June 28, 2024).

by the Supreme Court; or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner may file his application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the Court of Appeals has first granted the petitioner permission to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *see also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Here, the United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this Court to consider Brantley's successive petition, as is required. Because Brantley previously filed successive § 2254 petitions, dismissal without prejudice for want of jurisdiction—rather than transfer to the appellate court—is appropriate. *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (per curiam); *Crone*, 324 F.3d at 838.

### III. RECOMMENDATION

For all these reasons, Brantley's motion for leave to file a habeas petition under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction because he is not currently "in custody" on his 2013 conviction and he has not obtained

authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3).

**SO RECOMMENDED** on July 2, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).